Tayxor, Chief Justice.
 

 Whatever effect the promise tb pay the money might have, in rendering
 
 Hanrahan
 
 individually liable, (which is nob the question now,) it is evident that it cannot charge him in a joint action with the other sureties, when the suit is on the bond. It has been hold, that in an assumpsit against several persons, the acknowledgment of one will take the case out of the statute as to, all; and even in assumpsit against one, upon a joint and several promissory note, the acknowledgment of another drawer, not sued, will take the case out of the statute as to him who is sued. (2
 
 Douglas
 
 652.) But the reasons of those cases do not apply to an action Of debt on a bond, in which the declaration charges that
 
 *49
 
 the defendants became liable by their certain writing obligatory, and a replication to a plea of the statute of li-nutations, that within three years they made a promise in manner and form
 
 as the plaintiff had 'complained against them,
 
 will be a departure from the declaration and in conflict with it. In these cases too, the defendants held themselves out to the world as partners in that transaction, and, as such, the promise of one became obligatory on all. I think the bar of the statute could not be removed even by the promise of all, when they are sued on the bond, although if a presumption of payment from length of time had been relied upon, such promise would be proper and strong evidence to repel it. But where a positive bar by statute is relied upon, a new promise cannot revive the remedy
 
 on the bond.
 
 For these reasons I am of opinion that the judgment should be affirmed.
 

 The rest of the Court being of the same opinion,
 

 Judgment affirmed.